UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, ) | 1:05-cv-01535-OWW-TAG HC |
| ) | |
| Petitioner, ) | ORDER DENYING PETITIONER'S |
| ) | MOTION TO REOPEN CASE AND/OR |
| v. ) | VACATE JUDGMENT  (Doc. 8) |
| ) | |
| A. K. SCRIBNER, ) | ORDER DISREGARDING AS MOOT |
| ) | PETITIONER'S MOTION TO PROCEED IN |
| Respondent. ) | FORMA PAUPERIS (Doc. 9) |
| ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On December 1, 2006, the Court dismissed the instant petition and entered judgment for Respondent based on Petitioner's failure to pay the $5.00 filing fee.  (Docs. 23 & 24).  On September 7, 2007, Petitioner filed the instant Motion to Reopen Case And/Or Vacate Judgment, contending that prison officials, not Petitioner, caused the delay in paying his filing fees.  (Doc. 25).  Also on September 7, 2007, Petitioner filed a motion to proceed in forma pauperis.  (Doc. 26).

    The Court construes Petitioner's motion as a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).[1]

    Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not

---

[1] If the Court were to construe the motion as a Motion to Alter or Amend the Judgment, pursuant to Fed.R.Civ.P. 59(e), the motion would have to be denied because such a motion must be made within ten days of the entry of judgment.  Here, by contrast, Petitioner waited nine months before filing his motion.

1  have been discovered in time to move for a new trial under Rule 59(b); (3) fraud
2  (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been
3  satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should
   have prospective application; or (6) any other reason justifying relief from the
4  operation of the judgment.

5       Petitioner fails to meet this high standard. Petitioner's motion contends that prison officials
6  caused the fatal delay in paying the filing fees by obstructing Petitioner for "½ year from submitting
7  filing fees" and by cancelling a check in May 2007 that would have paid for the fees in this case.
8  Even assuming such unsubstantiated allegations were true, however, they fail to explain why
9  Petitioner made no other efforts during the nine months since entry of judgment to resolve the issue.
10 Moreover, Petitioner had already raised with the Court this issue of prison interference with his mail
11 in a filing on February 16, 2006 (Doc. 21), and therefore he does not now set forth any arguments or
12 evidence that have not already been considered by this Court. Petitioner's arguments present no
13 basis for relief.

14      Accordingly, the Court HEREBY ORDERS as follows:

15      1.   Petitioner's Motion to Reopen Case And/Or Vacate Judgment (Doc. 25), is DENIED;

16      2.   Petitioner's Motion to Proceed in forma pauperis (Doc. 26), is DISREGARDED as
17           MOOT.

19 IT IS SO ORDERED.

20 Dated:   **October 3, 2007**                     **/s/ Theresa A. Goldner**
                                                   UNITED STATES MAGISTRATE JUDGE